IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EUGENE F. SEAL, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>MARTHA M. YOUNG dba BRONCO TRANSPORTATION, and BRONCO LOGISTICS, a California Corporation<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br><br><br>Case No. 2:10-CV-790 TS |

This matter is before the Court on Defendants Martha M. Young dba Bronco Transportation and Bronco Logistics' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6).[1] For the reasons set forth below, the Court will grant the Motion and dismiss Plaintiff's claims for intentional interference with prospective economic relations and punitive damages.

---

[1] Docket No. 2. The Court notes that the Complaint is somewhat unclear as to which of Plaintiff's claims apply to which Defendant. This problem is exacerbated by the fact that Defendants' Motion to Dismiss appears to be originally brought only by Defendant Bronco Logistics, yet the parties in their respective memoranda treat all claims in the Complaint as applying to all Defendants and the motion to dismiss to have been filed by all Defendants. Because the parties treat the Defendants as one-in-the-same, the Court will do likewise and treat the motion to dismiss as to all Defendants.

I. STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[2] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[3] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[4] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[5] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[6] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[7]

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give

---

[2] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[5] *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[7] *Twombly*, 550 U.S. at 547.

the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.[8]

The Supreme Court recently provided greater explanation of the standard set out in *Twombly* in *Ashcroft v. Iqbal*.[9] In *Iqbal*, the Court reiterated that while FED.R.CIV.P. 8 does not require detailed factual allegations, it nonetheless requires "more than unadorned, the-defendant-unlawfully harmed-me accusation[s]."[10] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[11] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[12]

The Court in *Iqbal* stated:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.

---

[8] *The Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

[9] 129 S.Ct. 1937 (2009).

[10] *Id*. at 1949.

[11] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[12] *Id*. (quoting *Twombly*, 550 U.S. at 557).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.[13]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court only considers the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[14] Other documents will not be considered in deciding a Rule 12(b)(6) motion to dismiss.

## II. FACTUAL BACKGROUND

Plaintiff's Complaint alleges that he is the registered owner of a 1994 Kenworth Truck.[15] In 2008 through approximately October 2009, Plaintiff drove this truck as an independent contractor for Defendant Bronco Transportation. Plaintiff alleges that in October 2009, due to health concerns, Plaintiff entered into an agreement with Defendant Bronco Transportation whereby a third party would drive the subject truck on behalf of Plaintiff for Defendant Bronco Transportation. According to the Complaint, Defendant paid Plaintiff pursuant to the parties' agreement in November 2009, but failed to pay in the subsequent months. Plaintiff alleges he requested return of the truck in December 2009 but was told that the subject truck would not be returned and that he would not receive an accounting of any money received in connection with

---

[13]*Id.* at 1949-50 (internal quotation marks and citations omitted).

[14]*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 and Supp. 2007)).

[15]Docket No. 1, Ex. 1 at ¶ 6.

the subject truck. The Complaint states that on May 26, 2010, Plaintiff received written notice that his truck would be sold to satisfy a lien in favor of Defendants. Plaintiff filed this suit on July 15, 2010, in the Sixth District Court for the State of Utah and the case was removed to this Court on August 12, 2010.

III. DISCUSSION

Plaintiff's Complaint alleges four causes of action: (1) Breach of Contract, (2) Declaratory Relief, (3) Intentional Interference with Prospective Economic Relations, and (4) Punitive Damages. On August 23, 2010, Defendants moved this Court to dismiss Plaintiff's claims. In Defendants' initial moving papers, Defendants sought to dismiss the breach of contract and declaratory relief claims under Utah's statute of frauds.[16] In Defendants' Reply Memorandum, however, Defendants voluntarily withdrew these arguments.[17] The Court appreciates counsel's candor and will not consider these arguments at this time. Thus, the Court will only consider Defendants' arguments to dismiss Plaintiff's claims for intentional interference with prospective economic relations and punitive damages.

A.   INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

Defendants move the Court to dismiss Plaintiff's Third Cause of Action for intentional interference with prospective economic relations because it fails to meet the pleading requirements of Fed.R.Civ.P. 8 and fails as a matter of substantive law.

---

[16] Docket No. 3.

[17] *See* Docket No. 13, at 2.

5

At the outset, the Court notes that in opposing Defendants' motion, Plaintiff concurrently filed an affidavit from Plaintiff setting forth additional factual details concerning his claims. As set forth above, in deciding a Rule 12(b)(6) motion to dismiss, a court can only consider the complaint, its attachments, and documents incorporated by reference in the complaint. Thus, when the adequacy of a complaint is challenged under Rule 12(b)(6), the complaint must stand on its own—a party cannot bolster deficient allegations by subsequent affidavit. Therefore, the Court will not consider the additional factual details provided by Plaintiff's affidavit as to avoid converting the motion into one for summary judgment and will consider the Rule 12(b)(6) motion in relation to the claims as alleged in the Complaint.

To state a claim for intentional interference with prospective economic relations requires Plaintiff to allege that "'(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) for an improper purpose or by improper means, (3) causing injury to the plaintiff.'"[18] Defendants argue that Plaintiff's Complaint merely provides threadbare recitals of the elements of the claim and does not allege sufficient factual detail to nudge the Complaint from conceivable to plausible. In opposition, Plaintiff directs the Court's attention to paragraphs 12 and 13 of the Complaint, which Plaintiff alleges include sufficient factual detail to support the first two prongs of the intentional interference claim.

In evaluating the Complaint in relation to the elements of the cause of action, the Court finds that Plaintiff has failed to plead either an improper purpose or improper means. While

---

[18]*Overstock.com, Inc. v. SmartBargains, Inc.*, 192 P.3d 858, 864 (Utah 2008) (quoting *Leigh Furniture & Carpet Co. v. Isom*, 657 P.2d 293, 304 (Utah 1982)).

paragraphs 12 and 13 state that Defendants refused to return his truck and give him an accounting, the Complaint does not specify what improper means were used or for what improper purposes this alleged interference occurred. Later, at paragraph 30, Plaintiff alleges that these "activities were done with the purpose of harming the business activities and practices of Plaintiff as well as by the use of improper means by refusing to allow Plaintiff to pick up his truck."[19] Again, Plaintiff merely recites the elements of the cause of action and does not identify how the purpose of harming his business activities is improper or which improper means were deployed. The Court finds that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [and consequently] the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[20]

The Court further notes that Plaintiff's claim fails to allege an existing or potential economic relationship which is actionable under tortious interference with an economic relationship. In his opposition, Plaintiff argues that he adequately pled an economic relationship between the parties based upon the oral agreement to share revenues generated by Defendants' operation of Plaintiff's truck. While the Court agrees that an oral agreement between the two parties could constitute an economic relationship, interfering with one's *own* contractual relationship is not actionable under the tort of intentional interference with a prospective business relationship. A party is subject to liability for an intentional interference with prospective economic relations when the party intentionally and improperly causes *other* parties not to enter

---

[19]Docket No. 1, Ex. 1 at ¶ 30.

[20]*Iqbal*, 129 S.Ct. at 1949.

7

into a contractual relationship.[21] Thus, when a party only interferes with its own contractual duties, the interference amounts to a breach of contract—not a tort.

Because the Court finds that Plaintiff has failed to allege essential elements of his claim, the Court will dismiss Plaintiff's Third Cause of Action.

B.   PUNITIVE DAMAGES

As the Utah Supreme Court has previously held, "punitive damages for breach of contract, by themselves, are inappropriate 'even if intentional and unjustified. Such damages are [only] allowable if there is some independent tort indicating malice, fraud or wanton disregard for the rights of others.'"[22] Because the Court dismisses Plaintiff's lone tort claim, the only claims remaining relate exclusively to breach of contract. As punitive damages are inappropriate for a breach of contract, the Court will dismiss Plaintiff's Fourth Cause of Action for Punitive Damages.

IV.  CONCLUSION

Based on the foregoing, it is therefore

ORDERED that Martha M. Young dba Bronco Transportation and Bronco Logistics' Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 2) is GRANTED. Plaintiff's Third and Fourth Causes of Action are hereby DISMISSED.

---

[21] *See St. Benedict's Dev. v. St. Benedict's Hosp.*, 811 P. 2d 194, 201 (Utah 1991).

[22] *TruGreen Co.s, LLC v. Mower Bros., Inc.*, 199 P.3d 929, 933 (Utah 2008) (quoting *Hal Taylor Assocs. v. Unionamerica, Inc.*, 657 P.2d 743, 750 (Utah 1982)) (alteration in original).

DATED   November 12, 2010.

                      BY THE COURT:

                      _____
                      TED STEWART
                      United States District Judge