IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EUGENE F. SEAL, an individual,<br><br>Plaintiff,<br><br><br>vs.<br><br><br>MARTA M. YOUNG dba BRONCO TRANSPORTATION, and BRONCO LOGISTICS, a California Corporation<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS<br><br><br><br><br>Case No. 2:10-CV-790 TS |

This matter is before the Court on Defendant Marta M. Young's ("Young") Motion to Dismiss[1] and Defendant Bronco Logistics' ("Bronco") Motion to Dismiss for Failure to Prosecute.[2] For the reasons set forth below, the Court will deny the Motions.

I. SERVICE OF PROCESS

Young moves the Court to dismiss Plaintiff's claims against her because she was never personally served, thereby requiring dismissal under Fed.R.Civ.P. 12(b)(2) and 12(b)(5).

---

[1]Docket No. 18.

[2]Docket No. 20. Young joins this Motion in the event the Court denies her separate Motion to Dismiss.

Plaintiff filed this suit on July 15, 2010, in the Sixth District Court for the State of Utah and the case was removed to this Court on August 12, 2010. Shortly after the case was removed, Defendants Young and Bronco moved to dismiss Plaintiff's Complaint pursuant to 12(b)(6). On November 12, 2010, this Court granted in part Defendants' motion, dismissing Plaintiff's Third and Fourth Causes of Action against Defendants.

On May 31, 2011, Young filed the present motion seeking dismissal of the claims against her because she was never properly served. The Court finds that this contention fails. When Young moved to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), she was required under the federal rules to simultaneously move for dismissal under Rule 12(b)(2)-(5).[3] As provided by Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." "A party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."[4]

This conclusion is not altered by the fact that Young noted her objection to personal jurisdiction in her reply to her 12(b)(6) Motion to Dismiss. The Federal Rules do not provide for such a safety net. Instead, the Rules are clear: a defendant must move under all applicable subsections of 12(b)(2)-(5) when making any motion under Rule 12, or the defense under those subsections will be waived.[5] The Court will, therefore, deny Young's Motion.

---

[3] *See* Fed.R.Civ.P. 12(g)(2) & (h)(1).

[4] *Id.* at 12(h)(1).

[5] *See* WRIGHT & MILLER, 5C FED. PRAC. & PROC. § 1391 (3d. ed. 2011) ("Thus, the message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If

## II. FAILURE TO PROSECUTE

Bronco moves the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 41(b) for failure to diligently prosecute this action.

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[6]

Bronco contends that since the Court's November 12, 2010 Order, Plaintiff has taken virtually no action to move this case forward. In its initial supporting memorandum, Bronco asserts that Plaintiff has failed to respond to Bronco's simple request to engage in a Fed.R.Civ.P. 26(f) planning meeting. In its reply, Bronco notes that Plaintiff, in obvious response to Bronco's Motion, finally participated in the 26(f) planning meeting, but has failed to follow through on the simple task of reviewing, signing, and returning the agreed-upon planning meeting and scheduling order documents to file with the Court.

Although plaintiff's response—that scheduling conflicts have made it difficult to diligently pursue this matter— is less than compelling, the Court finds that Bronco's allegations fail to merit dismissal of Plaintiff's claims with prejudice. Plaintiff is put on notice, however, that failure to diligently prosecute this matter in the future may result in sanctions, including

that party wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made—whether it be by way of a Rule 12 motion or a responsive pleading.").

[6]*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994)).

terminating sanctions.  The Court finds that Bronco has satisfied its Rule 26(f) duties to jointly

pursue a scheduling meeting and need not further press Plaintiff to prosecute this matter.  Based

on the foregoing, the Court will deny Bronco's Motion to Dismiss Without Prejudice.

## III.  CONCLUSION

It is therefore

ORDERED that Young's Motion to Dismiss Marta Young as an Individual Defendant

(Docket No 18) is DENIED.  It is further

ORDERED that Bronco's Motion to Dismiss for Failure to Prosecute (Docket No. 20) is

DENIED WITHOUT PREJUDICE.

DATED   July 11, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge