IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EUGENE F. SEAL, an individual,<br><br>    Plaintiff,<br><br><br><br><br><br>        vs.<br><br><br>MARTA M. YOUNG dba BRONCO TRANSPORTATION, and BRONCO LOGISTICS, a California Corporation<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND IMPOSING SANCTIONS<br><br><br><br><br>Case No. 2:10-CV-790 TS |

This matter is before the Court on Defendant Bronco Logistics' ("Bronco") Renewed Motion to Dismiss[1] and Defendant Marta M. Young's ("Young") Renewed Motion to Dismiss.[2] As the Motions and accompanying Memoranda are identical, the Court will address them together. For the reasons set forth below, the Court will deny Defendants' Motions and impose sanctions upon Plaintiff.

On May 31, 2011, Defendants moved the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 41(b) for failure to diligently prosecute this action. Although finding that

---

[1]Docket No. 55.

[2]Docket No. 56.

Plaintiff's justification for delay was "less than compelling," the Court held that Defendants' allegations were insufficient to merit such an extreme remedy as dismissal of Plaintiff's claims with prejudice.[3]  The Court did, however, put Plaintiff on notice "that failure to diligently prosecute this matter in the future may result in sanctions, including terminating sanctions."[4]

On October 10, 2011, Defendants filed the instant Motions, renewing their request to have Plaintiff's case dismissed with prejudice in light of Plaintiff's repeated and unexcused failures to comply with discovery deadlines.  At that time, Plaintiff had not responded to Defendants' First Discovery Requests.  Plaintiff missed the deadline to respond and did not seek an extension, despite repeated inquiries by opposing counsel.

On November 7, 2011—well after the deadline for filing an Opposition to Defendants' Motions—Defendants received Plaintiff's responses to Defendants' First Discovery Requests. These responses[5] were followed by Plaintiff's filing of an untimely Opposition to the instant Motion.

Under Federal Rule of Civil Procedure 41(b),

a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party

---

[3]Docket No. 32, at 3.

[4]Docket No. 32, at 3-4.

[5]In their Reply, Defendants also argue that Plaintiff's responses are inadequate.  Docket No. 66, at 6.  As a reply brief is not the appropriate venue to raise new issues, the Court will not address the adequacy of Plaintiff's responses at this time.  Defendants are free to file a separate Motion on this issue.

in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[6]

In light of these factors, the Court finds that, although Plaintiff is wholly culpable and was warned previously about the possibility of dismissal for failure to diligently prosecute this action, dismissal with prejudice is not appropriate at this time.  As lesser sanctions have not yet been administered and may be effective, the Court cannot yet find that they would be ineffective.

Local rule DUCivR 1-2 states that "[t]he Court, on its own initiative, may impose sanctions for violation of these civil rules.  Sanctions may include, but are not limited to, the assessment of costs, attorneys' fees, fines, or any combination of these, against an attorney or a party."  Because Plaintiff has failed to comply with the deadlines in this case despite a previous warning by the Court, sanctions are appropriate in this case.  Moreover, the Court finds that counsel for Plaintiff's assertion that "Plaintiff has obtained new employment and is not always available" does not explain or excuse counsel's own failures.  Counsel could have filed a motion for an extension of time, a motion seeking modification of the scheduling order, or a timely response to Defendants' Motions.

The Court will therefore order attorney Terry Spencer to pay Defendants' costs and attorneys' fees associated with the filing of (1) Bronco's Motion to Dismiss for Lack of Prosecution (Docket No. 20); (2) Bronco's Renewed Motion to Dismiss (Docket No. 55); and (3) Young's Renewed Motion to Dismiss (Docket No. 56).  Furthermore, the Court again warns

---

[6]*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (alteration in original) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994)).

Plaintiff that future failures to comply with the scheduling order in this case will result in sanctions, up to and including dismissal of Plaintiff's case with prejudice.

Defendants have also requested in their Reply that the Court extend the dispositive motion deadline, currently set for November 18, 2011, until January 30, 2012.[7]  As it is not proper to raise this issue in a Reply, the Court will not address this issue at this time. Defendants' are free to raise this issue in a separate motion.

It is therefore,

ORDERED that Defendants' Renewed Motions to Dismiss for Failure to Prosecute (Docket Nos. 55 & 56) are DENIED WITHOUT PREJUDICE.  It is further

ORDERED that Plaintiff's attorney, Terry Spencer, is to be assessed Defendants' costs and attorneys' fees for bringing their Motions found at Docket Nos. 20, 55, and 56.  It is further

ORDERED that within fourteen days from the entry of this Order, Defendants shall file an itemization of the attorneys' fees and costs incurred from bringing the Motions found at Docket Nos. 20, 55, and 56.  Said itemization shall be accompanied by an affidavit of counsel setting forth the scope of the effort, the number of hours expended, the hourly rates claimed, and any other pertinent information.  Plaintiff shall file any response no later than fourteen days from the filing of the itemization.

---

[7]Docket No. 66, at 7.

DATED   November 29, 2011.

BY THE COURT:

TED STEWART
United States District Judge