IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| EUGENE F. SEAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MARTA M. YOUNG, dba BRONCO TRANSPORTATION, and BRONCO LOGISTICS, a California Corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:10-CV-790 TS |

This matter is before the Court on Defendants' Itemization of Attorney Fees,[1] Motions for a Scheduling Order,[2] and Motions to Dismiss for Lack of Prosecution.[3] It is also before the Court on Plaintiff's Motion to Withdraw as Attorney.[4]

In compliance with this Court's Memorandum Decision and Order of November 29, 2011,[5] Defendants filed an Itemization of Attorney Fees re: Motions to Dismiss, on November

---

[1] Docket Nos. 71, 72.

[2] Docket Nos. 73, 74.

[3] Docket Nos. 81, 82.

[4] Docket No. 76.

[5] Docket No. 70.

1

30, 2011, claiming $7,245.00 in fees.[6]  Plaintiff's counsel has not responded to that Itemization, and his 14-day time period for doing so, imposed by the Court's Memorandum Decision and Order, has passed.  Instead, on December 15, 2011, Plaintiff's counsel filed a Motion for Withdrawal of Counsel.[7]  The Motion for Withdrawal of Counsel does not excuse Plaintiff's counsel from timely responding to the Defendants Itemization of Attorney Fees.  Because he has failed to so respond, that Itemization of Attorney Fees is unopposed.  However, the Court will still review the Itemization for reasonableness and to award only fees that comply with the Court's Order.

On November 29, 2011, the Court imposed sanctions on Plaintiff's attorney, Terry Spencer, for repeated and unexcused failures to comply with the scheduling order despite previous admonitions from the Court.  The Court ordered that Mr. Spencer "pay Defendants' costs and attorneys' fees associated with the filing of  (1) Bronco's Motion to Dismiss for Lack of Prosecution (Docket No. 20); (2) Bronco's Renewed Motion to Dismiss (Docket No. 55); and (3) Young's Renewed Motion to Dismiss (Docket No. 56)."[8]  In Defendants' Itemizations filed with the Court, they set forth and support with accompanying affidavits $7,245 in fees from May 30, 2011, to November 30, 2011.  The Court will only allow charges incurred before the Order was issued, and will therefore deduct $1,125 from this amount, making the total due $6,120.

---

[6] Docket Nos. 71, 72.

[7] Docket No. 76.

[8] Docket No. 70, at 3.

Defendants filed renewed Motions to Dismiss for Lack of Prosecution on December 22, 2011,[9] arguing that dismissal is now appropriate under Fed. R. Civ. P. 41(b) and 37(b)(A)(v) and (d). [10] After the Court's November 29th Order, Defendants sent a letter to Plaintiff's counsel, Terry Spencer, requesting the discovery sought previously. One week after sending this letter, Mr. Spencer filed a Motion to Withdraw as Attorney, which is still pending before this Court. There is no indication that Plaintiff responded to Defendants' letter or did anything further to advance this case, and on December 22, 2011, Defendants filed their renewed Motions to Dismiss for Lack of Prosecution. Although this Motion was filed only two weeks after Defendants' letter was sent, Plaintiff has also not responded to this Motion in the month it has been pending before the Court.

Under Federal Rule of Civil Procedure 41(b),

a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[11]

The Court has previously warned Plaintiff multiple times that continued failure to prosecute this action would lead to dismissal. The Court's November 29, 2011, Order stated:

---

[9] Docket Nos. 81, 82.

[10] Docket No. 83, at 1.

[11] *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (alteration in original) (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994)).

"the Court again warns Plaintiff that future failures to comply with the scheduling order in this case will result in sanctions, up to and including dismissal of Plaintiff's case with prejudice."[12] The Court has previously found Plaintiff culpable for failure to prosecute this action. Furthermore, this failure has delayed the litigation many months and prejudiced the Defendants, causing them to incur significant legal fees. Finally, the Court's imposition of lesser sanctions on Plaintiff's counsel has been ineffective in changing this behavior. This case will therefore be dismissed with prejudice.

Based on the foregoing, it is hereby

ORDERED that Plaintiff's counsel, Terry R. Spencer, shall pay attorney fees, in the amount of six thousand, one hundred and twenty dollars ($6,120.00), to Defendants. It is further

ORDERED that Defendant's Motions to Dismiss (Docket Nos. 81, 82) are GRANTED. It is further

ORDERED that Plaintiff's Motion to Withdraw as Attorney (Docket No. 76) is DENIED AS MOOT. It is further

ORDERED that Defendant's Motions for Scheduling Order Amendment (Docket Nos. 73, 74) are DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

---

[12] Docket No. 70, at 4.

DATED   January 20, 2012.

                                                    BY THE COURT

                                                    _____

                                                    TED STEWART
                                                    United States District Judge